# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANDON RYAN JOHNSON, <br>     Petitioner, <br>   v. <br> R. JOHNSON, Warden, <br>     Respondent. | NO. ED CV 19-418-JLS (KS) <br><br> ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition for Writ of Habeas Corpus, all the records herein, and the Report and Recommendation of United States Magistrate Judge ("Report"). Further, the Court has engaged in a *de novo* review of those portions of the Report to which Petitioner has raised objections ("Objections"). Pertinent Objections are addressed below. Petitioner's Objections are overruled.

First, Petitioner objects that the Report quotes the California Court of Appeal's inaccurate summary of the evidence from his trial for assault with a deadly weapon. (Objections at 1.) According to Petitioner, the California Court of Appeal inaccurately stated that a "security officer saw [Petitioner] put something in the trash can and walk away" after

1

the victim was assaulted. (*Id.*) But this evidence had no relevance to any claim raised in the Petition. Petitioner states that he is not challenging his underlying conviction for assault with a deadly weapon. (Dkt. No. 1 at 16.) Rather, his current Petition challenges the denial of his post-conviction petition to recall his sentence pursuant to California's Proposition 36. The security officer's testimony has no relevance to Petitioner's Proposition 36 claims.

Second, Petitioner objects to the Report's finding that the California courts correctly found him automatically ineligible for Proposition 36 relief because of his current conviction. (Objections at 3.) As stated in the Report, evidence of Petitioner's conviction for assault with a deadly weapon, a serious felony, was sufficient to demonstrate his ineligibility. (Report at 12.) The case discussed by Petitioner, *People v. Perez*, 4 Cal. 4th 1055 (2018), does not help him because the facts of that case involved the use of a vehicle to commit assault *with force likely to produce great bodily harm*, rather than assault with a deadly weapon. Assault with force likely to produce great bodily harm does not require a jury to find that a defendant was armed with a deadly weapon, and therefore, a Proposition 36 court may have to examine the facts beyond the judgment of conviction to determine whether such a defendant was armed with a deadly weapon (rendering him ineligible for Proposition 36 relief). *See id*. at 1063. This inquiry was unnecessary here because Petitioner was convicted of assault with a deadly weapon, meaning that the jury necessarily found that he was armed with a deadly weapon. Indeed, *Perez* recognized that a conviction for assault with a deadly weapon was "undoubtedly sufficient to show that the defendant was armed with a deadly weapon during the commission of the offense and is therefore ineligible for resentencing." *See id*. at 1063.

Finally, Petitioner objects to the Report's finding that his vagueness claim is meritless. (Objections at 5.) A defendant whose conduct is clearly prohibited by the statute cannot raise a successful vagueness challenge. *See Kashem v. Barr*, 941 F.3d 358, 375-77 (9th Cir. 2019). Petitioner points out that the allegedly minor nature of the victim's injury (a finger laceration requiring sutures) and the government's failure to recover the weapon rendered it speculative

that his conduct was assault with a deadly weapon. (Objections at 5-6.) As stated in the Report, however, no injury was required for assault with a deadly weapon, but because an injury did occur, it was a relevant consideration. (Report at 16.) The victim sustained a laceration to her finger after Petitioner stood over her and made a swiping motion in front of her face or neck area, which the victim had shielded with her hand. (Lodg. No. 1 at 4.) The only reasonable conclusion to draw from these circumstances, including the evidence of the victim's injury, was that the assault was committed with a deadly weapon, *i.e.*, an object that was "extrinsic" to Petitioner's body and that was used in such a manner as to be "capable of producing and likely to produce, death or great bodily injury." *See People v. Aguilar*, 16 Cal. 4th 1023, 1028-29, 1034 (1997).

**ORDER**

IT IS ORDERED that: (1) the Petition is denied; and (2) Judgment shall be entered dismissing this action with prejudice.

DATED: January 19, 2020

_____
JOSEPHINE L. STATON
UNITED STATES DISTRICT JUDGE